# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

In the Matter of JANET L. DURANT, Life Beneficiary under Two Deeds of Trust of $55,000 and $20,000, for an Order Requiring EDWARD C. CROWLEY, Appellant, as Substituted Trustee Thereunder, to Pay the Accrued Income to Her as in Said Trust Agreements Provided.

JANET L. DURANT and Others, Respondents.

First Department, April 21, 1922.

**Trusts — trustee surcharged with amount negligently invested — appeal to Court of Appeals without stay of enforcement of judgment — beneficiary entitled to accrued income on amount surcharged — fact that trustee gave security for liability to trust estate does not excuse him from paying accrued income — trustee should be allowed commissions on amount paid over.**

The beneficiary under a trust is entitled to have the accrued income paid to her on an amount which the Appellate Division has surcharged to the account of the trustee, although an appeal is pending in the Court of Appeals from the decision of the Appellate Division, where no order was made staying the enforcement of the judgment pending the appeal to the Court of Appeals.

The fact that the trustee has given security enough to satisfy any liability he may be under to the trust estate, does not excuse him from paying over the amount due to the beneficiary under the judgment of the court, so long as there was no order providing for a stay of the enforcement of that judgment pending such appeal.

The liability to pay the accrued income to the beneficiary followed as a matter of law when the account of the trustee was surcharged with the amount of money negligently invested, and it was not necessary to procure an order directing the trustee to pay over said accrued income.

The trustee is entitled to a credit to him for the commissions to which he would be entitled upon the payment over of the accrued income.

APPEAL by Edward C. Crowley, as substituted trustee, from so much of an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 20th day of January, 1922, as directs him as such trustee to pay within five days to the life beneficiary and petitioner herein the sum of $7,048.15, accrued income, together with interest thereon at six per cent from October 27, 1921.

*E. C. Crowley,* for the appellant.

*Warren McConihe,* for the life beneficiary, respondent.

*William H. Hamilton* of counsel [*Hamilton & Freeman,* attorneys], for the adult remaindermen, and also guardian *ad litem* for infant remainderman, respondents.

SMITH, J.:

The appellant was a substituted trustee under two deeds of trust made in part for the benefit of the petitioner, Janet L. Durant. She was entitled to the income of a trust fund thereby created. In an action in the Supreme Court he was required to account and he was found liable for the payment of some small amount under the trust. Janet L. Durant appealed to this court from such decree, and this court modified the decree, finding that he was liable, in addition to the amount for which he was held liable in the trial court, for the sum of $25,000 negligently invested by him, together with interest upon such sum, which he was required to pay into such trust fund by the judgment as thus modified. (*Durant* v. *Crowley,* 197 App. Div. 540.) From that decree an appeal was taken to the Court of Appeals, upon the filing of a bond in the sum of $500; but no application was made for a stay of the enforcement of the judgment as thus modified by this court. This application is made to compel the trustee to pay over to Janet L. Durant the sum of $7,048.15, as accrued income upon the amount of money with which said trustee was charged by the judgment as modified by this court. These moneys have never been paid under the decree as thus modified, inasmuch as the judgment of this court is contested by the appeal to the Court of Appeals.

The beneficiary is clearly entitled to the payment of such sum under the trust deeds, because the trustee has made no application for, and procured no order for, the stay of the enforcement of the judgment upon the appeal to the Court of Appeals. It is true that, as substituted trustee, he has given security enough to satisfy any liability he may be under to the trust estate. But that is no answer to an application to compel him to pay over the amount due to the beneficiary under the judgment of the court, as long as there was no order providing for a stay of the enforcement of

that judgment pending such appeal.   While such an order for a stay of the enforcement of such judgment would undoubtedly be granted pending such appeal, upon reasonable terms, in view of the fact that he has given security for the full amount of the property that came into his hands, he has no answer to this application until he has procured such a stay of the enforcement of this judgment pending the appeal.

It is contended on behalf of the appellant that the order, from which this appeal is taken, requires him to pay over to the beneficiary the amount of accrued income which he has not been compelled to pay specifically to the beneficiary by the judgment in the accounting action, as modified by this court.   Such liability, however, as I view it, is a liability which would follow as a matter of law.   This order, however, is wrong in part, because it does not allow a credit to him for the commissions to which he would be entitled upon the payment over of that fund, and to that extent it should be modified.

The order should be modified as above indicated, and as modified affirmed, without costs to either party, with leave to apply to this court upon next motion day for a stay of the enforcement of the judgment upon giving such security as shall be directed; and meantime the order appealed from should be stayed.

Dowling, Merrell and Greenbaum, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs, with leave to apply on next motion day for a stay as indicated in opinion.   Settle order on notice.